UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP, | ) ) ) ) | Civil Action No. |
| | | COMPLAINT FOR INJUNCTIVE RELIEF |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Defendant. | ) ) ) | |

1. Plaintiff Robbins Geller Rudman & Dowd L.L.P. ("Robbins Geller") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief, seeking release of documents in the Defendant's possession that the Defendant has improperly withheld.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B), as this action arises under FOIA.

3. Venue in the Middle District of Tennessee is proper under 5 U.S.C. §552(a)(4)(B).

## PARTIES

4. Plaintiff Robbins Geller is a national law firm with approximately 200 lawyers and a network of ten offices around the country, including an office in this District. Plaintiff has requested and been denied access to the records at issue here.

5. Defendant United States Securities and Exchange Commission ("Defendant" or "SEC") is an agency within the meaning of 5 U.S.C. §552(f) and is subject to the requirements of FOIA. Defendant has improperly withheld the records at issue here.

## FACTUAL BACKGROUND TO PLAINTIFF'S FOIA REQUEST

6. On December 8, 2011, Walmart Stores, Inc. ("Walmart") disclosed in its Report on Form 10-Q filed with the SEC that it had commenced a purported internal investigation into whether "certain matters, including permitting, licensing and inspections" were in compliance with the U.S. Foreign Corrupt Practices Act ("FCPA"). Walmart's Form 10-Q also represented that it had voluntarily disclosed its internal investigation to the SEC and the U.S. Department of Justice ("DOJ").

7. On April 21, 2012, *The New York Times* ("*Times*") published an article entitled "Wal-Mart Hushed Up a Vast Mexican Bribery Case," in which it reported a multi-million-dollar bribery

- 1 -

983818_1
Case 3:14-cv-02197   Document 1   Filed 11/13/14   Page 2 of 7 PageID #: 2

scheme that Walmart had used to fuel its astounding growth in Mexico (the "Suspected FCPA Violations"). The *Times*' story quoted and displayed images of numerous internal Walmart documents, including emails sent and received by Walmart employees and agents. The images remain on the *Times'* website as of the date of this Complaint. Exhibit 1.

8. On June 1, 2012, Walmart disclosed in its Report on Form 10-Q filed with the SEC that it had "been informed by the DOJ and the SEC that it is also the subject of their respective investigations into possible violations of the FCPA. The Company is cooperating with the investigations by the DOJ and the SEC."

9. On December 17, 2012, *The New York Times* published another article titled, "The Bribery Aisle: How Walmart Got Its Way In Mexico," in which it further reported on the Suspected FCPA Violations. The December 17, 2012 article was again followed by Walmart's representation in a Report on Form 10-Q that it continued to cooperate with the SEC and DOJ regarding the Suspected FCPA Violations.

10. On January 10, 2013, the Democrats Congressional Committee on Energy & Commerce released through its website several internal Walmart documents relating to the Suspected FCPA Violations in a report entitled, "Reps. Cummings and Waxman Release Documents Showing That Wal-Mart's CEO Was Informed of Mexican Bribery Allegations in 2005." The referenced internal documents remain on the Committee's website as of the date of this Complaint.

11. The same day, Walmart publicly responded in part as follows to the Committee's publication of the internal Walmart documents:

> This information has been part of the company's ongoing investigation of potential violations of the U.S. Foreign Corrupt Practices Act for more than a year and has been the subject of two New York Times articles.

\* \* \*

- 2 -

983818_1

Case 3:14-cv-02197   Document 1   Filed 11/13/14   Page 3 of 7 PageID #: 3

> We have provided extensive documentation to the Department of Justice and the Securities and Exchange Commission, including the documents released today, as part of our ongoing cooperation with the appropriate law enforcement agencies on this matter.

*See* Exhibit 2.

12. The "extensive documentation" regarding the Suspected FCPA Violations which Walmart stated that it provided to the SEC is hereinafter referred to as the "Walmart Documents."

13. Walmart continues to possess all of the Walmart Documents.

## PLAINTIFF'S FOIA REQUEST

14. On April 3, 2013, Plaintiff submitted a FOIA request to the SEC that was limited to the Walmart Documents (the "FOIA Request"):

> All documents (in any form (electronic, paper, etc.)) provided by Wal-Mart Stores, Inc. ("Walmart") to the Commission that relate to either (i) possible violations of the Foreign Corrupt Practices Act ("FCPA") or (ii) Walmart's public disclosures concerning possible FCPA violations.

Exhibit 3.

15. On May 8, 2013, the SEC responded that it was withholding records responsive to the FOIA Request under 5 U.S.C. §552(b)(7)(A), 17 C.F.R. §200.80(7)(i) ("Exemption 7(A)"). Exhibit 4. In support of its denial pursuant to Exemption 7(A), the SEC summarily stated, without any support or explanation: "This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities." The SEC also failed to provide Plaintiff with an estimate of the volume of the Walmart Documents, as required under 5 U.S.C. 552(a)(6)(F) upon denial of requested material.

16. On May 22, 2013, Plaintiff submitted its appeal of the SEC's denial of its FOIA Request. Exhibit 5. Plaintiff sought reconsideration of the SEC's denial on the ground that Plaintiff was requesting only documents compiled and provided to Defendant by Walmart, and not any documents that Defendant generated or compiled as part of its "enforcement activities."

17. On June 12, 2013, Defendant denied Plaintiff's appeal, again asserting only Exemption 7(A) in support of the denial and stating summarily that releasing the Walmart Documents "could reasonably be expected to interfere with an on-going enforcement proceeding." Exhibit 6. Defendant again failed to estimate the volume of the withheld Walmart Documents and to provide any support for its assertion of interference with enforcement activities.

18. Exemption 7(A) is not applicable to the Walmart Documents, and the SEC's assertion of Exemption 7(A) as a basis for withholding the Walmart Documents is improper and erroneous because: (a) the Walmart Documents were provided by and are retained by Walmart, the subject of the SEC investigation, and therefore were not "compiled for law enforcement purposes"; and (b) many of the Walmart Documents are in the possession of, and have been publicly quoted and released by, *The New York Times* and members of Congress, so that their disclosure cannot reasonably be expected to interfere with enforcement activities.

19. On November 7, 2014, Plaintiff contacted the SEC's FOIA office to inquire about the status of the enforcement proceeding. The SEC's representative declined to provide any information about the status of the proceeding, and directed Plaintiff to submit another FOIA request and undergo the entire process a second time.

**FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF
AGAINST DEFENDANT SEC**

20. Plaintiff incorporates by reference paragraphs 1 through 19 inclusive, as if fully set forth here.

21. Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the Walmart Documents and Defendant is required to make them promptly available.

22. The Walmart Documents do not fall within any of FOIA's exemptions from disclosure under 5 U.S.C. §552(b), including without limitation Exemption 7(A), and Defendant has no legal basis for withholding them.

23. Pursuant to 5 U.S.C. §552(b), even if it were established that any of the Walmart Documents contained information exempt from disclosure, Defendant is required to provide to Plaintiff all reasonably segregable non-exempt portions of the documents. As they do not fall within any of the FOIA's exemptions from required disclosure, Defendant has no legal basis for withholding such portions of the Walmart Documents.

24. Plaintiff has exhausted applicable administrative remedies with regard to its FOIA request.

25. Plaintiff is entitled to expedited injunctive relief with respect to the processing of the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Enjoin the SEC from withholding all records or portions of records improperly withheld, and order their immediate disclosure to Plaintiff;

B. Establish a date certain for Defendant SEC to prepare and file a *Vaughn* Index;

C. Establish a date certain for Defendant SEC to file any dispositive motion on the merits;

D. Provide for expeditious processing in this action;

E. Grant Plaintiff its costs and attorneys' fees in this action, as provided under 5 U.S.C. §552(a)(4)(E); and

F. Grant such other and further relief as the Court deems just and proper.

DATED: November 13, 2014    ROBBINS GELLER RUDMAN
                                                                                 & DOWD LLP
                                                                                 CHRISTOPHER M. WOOD, #032977

                                                                                 CHRISTOPHER M. WOOD

983818_1

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
debraw@rgrdlaw.com

Attorneys for Plaintiff

- 6 -
983818_1
Case 3:14-cv-02197   Document 1   Filed 11/13/14   Page 7 of 7 PageID #: 7