UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBBINS GELLER RUDMAN & DOWD LLP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | No. 3:14-cv-2197 |
|  | ) | Judge Campbell/Bryant |
| v. | ) |  |
|  | ) |  |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Before the Court is the Plaintiff's Notice of Motion and Motion for Reconsideration. (Docket Entry 46). The motion is **GRANTED** insofar as it requests reconsideration of the Order dated October 28, 2015 (Docket Entry 44) and **DENIED** to the extent that it seeks discovery, a denial of the Defendant's pending Motion for Summary Judgment, and oral argument regarding the Notice of Motion and Motion for Reconsideration.

### I.  Statement of the Case[1]

The Plaintiff filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on November 13, 2014. (Docket Entry 1). The Defendant moved for summary judgment on April 28, 2015. (Docket Entry 30). On May 19, 2015, the Plaintiff filed Plaintiff's Notice of Motion and Motion for Limited Discovery Under Federal Rule of Civil Procedure 56(d). (Docket Entry 37). The Defendant responded to that motion on June 12, 2015. (Docket Entry 43).

On October 28, 2015, the Magistrate Judge entered an Order denying the Plaintiff's request for limited discovery and instead ordered the Defendant to supplement its declarations.

---
[1] The factual and procedural background of this case is discussed in detail in the Magistrate Judge's Order dated October 28, 2015. (Docket Entry 44).

1

(Docket Entry 44). The Defendant filed a brief and a supplemental declaration on November 9, 2015. (Docket Entry 45). Not satisfied with the Defendant's filing, on November 16, 2015 the Plaintiff moved for reconsideration of the October 28, 2015 Order. (Docket Entry 46). The Defendant responded to the motion. (Docket Entry 49). The Plaintiff has filed a reply. (Docket Entry 52). The matter is properly before the Court.

## II. Request for Reconsideration of Interlocutory Order

Under both common law and Rule 54(b) of the Federal Rules of Civil Procedure, courts have significant discretion to revisit interlocutory orders where there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)); *Rodriguez*, 89 F. App'x at 959 n.7.

The Plaintiff argues that reconsideration is justified in light of newly available evidence, specifically the Defendant's November 9, 2015 filing (Docket Entry 45) which included a brief and a supplemental declaration. (Docket Entry 47, p. 8).

Agency declarations are particularly important pieces of evidence actions under the FOIA. *See CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011) ("Claims under the Freedom of Information Act are typically resolved without discovery on the basis of the agency's affidavits."); *see also Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Accordingly, Mr. Johnathon P. Scott's ("Mr. Scott's") supplemental declaration is properly classified as newly available evidence. For this reason, the Plaintiff's motion that the October 28, 2015 Order be reconsidered is **GRANTED**.

2

### III. Renewed Request for Limited Discovery

Generally, claims brought under the FOIA are resolved without discovery. *CareToLive*, 631 F.3d at 345. The Sixth Circuit has, however, identified several occasions in which discovery is appropriate in a case brought under the FOIA. A party may seek discovery under Rule 56(d) of the Federal Rules of Civil Procedure. *Id.* at 344-45. This approach requires that the requestor submit a declaration or affidavit explaining that it needs additional information in order to oppose a motion for summary judgment and identify what information is needed. Fed. R. Civ. P. 56(d); *CareToLive*, 631 F.3d at 344-45. Alternatively, if the agency has shown that it conducted a reasonable search for the requested materials, discovery may be granted if the requestor can "make a 'showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' or provide some other evidence why summary judgment is inappropriate." *CareToLive*, 631 F.3d at 345 (quoting *Carney*, 19 F.3d at 812). When offered, discovery is limited to resolving questions of fact. *E.g., Scudder v. Cent. Intelligence Agency*, 25 F. Supp. 3d 19, 50 (D.D.C. 2014).

The Plaintiff is seeking limited discovery regarding the Defendant's compliance with its obligations under the FOIA. (Docket Entries 37 and 46). The Magistrate Judge denied the Plaintiff's request for discovery on October 28, 2015, instead providing the Defendant an opportunity to supplement its previous representations to the Court. (Docket Entry 44). Specifically, the Defendant was ordered to (1) clarify the segregability review performed by the Defendant and (2) submit additional information regarding Mr. Tarek J. Helou's ("Mr. Helou's") declaration. (Docket Entry 44, p. 19).

No additional factual development is needed for the Plaintiff to file its opposition to the Defendant's Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d). The Defendant's

November 9, 2015 filing addressed the issues raised in the Court's October 28, 2015 Order, albeit not in the particular fashion ordered by the Court. Nevertheless, no discovery is needed at this juncture.

First, the Defendant was ordered to provide a supplemental declaration explaining the "segregability procedure utilized in responding to the Plaintiff's FOIA request." (Docket Entry 44, p. 19). Although an agency may withhold information under a FOIA exemption, the agency must nonetheless produce "[a]ny reasonably segregable portion of [the] record." 5 U.S.C. § 552(b).[2] The agency bears the burden of providing a "relatively detailed" explanation why the materials withheld are not reasonably segregable from the information disclosed. *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 553 (6th Cir. 2001). This explanation may be provided in agency affidavits. *Id.* Conclusory statements that requested materials do not contain segregable information are insufficient. *Id.* at 553-54. An agency may, however, fully withhold documents under the FOIA Exemption 7(A) so long as the agency's affidavits sufficiently explain its segregability review. *See Juarez v. Dep't of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008). In *Juarez* the court concluded:

> Here, DEA provided sufficient information in its affidavits to allow a court to affirm withholding of the documents *in toto.* DEA stated that it had conducted a page-by-page review of all investigative records contained in the requested documents, and determined that each document, and each page of each document, contained information subject to law enforcement withholding exemptions. It justified its inability to simply redact sensitive portions (i.e., informant names) from these documents by pointing out that the balance of information remaining in the documents could still reveal the extent of the government's investigation, the acts on which it is focused, what evidence of wrongdoing it is aware of, the identity of cooperating sources, and the agency's investigative techniques in this investigation. The affidavits further attested that release of any of this information

---

[2] The segregability review is separate and apart from the "categorical approach" used to establish the FOIA Exemption 7(A). *See Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, No. C 07-2590 PJH, 2008 WL 4482855, at *14, 16 (N.D. Cal. Sept. 30, 2008); *Gavin v. U.S. S.E.C.*, No. CIV. 04-4522 PAM/JSM, 2006 WL 208783, at *1 (D. Minn. Jan. 26, 2006).

could jeopardize the investigation. For these reasons we are satisfied that no portions of the withheld documents may be segregated and released to appellant.

518 F.3d at 61. Because the court must enter a segregability finding before permitting the agency to withhold an entire document, the agency must provide sufficient evidence of its segregability efforts. *Rugiero*, 257 F.3d at 553 (remanding to the district court for another segregability review because the agency had not meaningfully described its segregability process).

In view of Mr. Scott's supplemental declaration, discovery is not needed to evaluate the Defendant's segregability efforts. The first declaration submitted by Mr. Scott addressed the segregability of the materials requested by the Plaintiff, but it left the Court with some questions. In part, Mr. Scott stated:

> As will be set forth in more detail below, because the Investigation is ongoing, public disclosure of the categories of records identified below, as obtained and received from Walmart in the Walmart Investigation, could reasonably be expected to interfere with the ongoing Investigation and any future enforcement proceedings. Accordingly, the Commission has determined that all responsive records are exempt pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), and that there is no information that can be segregated and disclosed.

(Docket Entry 30-1, p. 6 ¶ 11). Not entirely satisfied with this explanation, the Court stated:

> The Defendant's segregability analysis, as discussed in Mr. Scott's declaration, is not facially adequate. This is not to say that the actual segregability task performed by the Defendant was deficient; merely Mr. Scott's declaration does not provide the Court with enough information to determine this fact. In the declaration, Mr. Scott's underlying message is clear: since none of the categories of documents were delivered to the Plaintiff, none of the records were segregable. (Docket Entry 30-1, p. 6 ¶ 11). This, however, is not the detailed justification required and does not account for the possibility that redacted portions of any of the 127,000 records may be disclosed. Rather than permitting discovery on this issue, the Court directs the Defendant to file a supplemental declaration explaining the segregability analysis conducted pursuant to this FOIA request.

(Docket Entry 44, p. 15). Pursuant to this Court's Order, Mr. Scott submitted a supplemental declaration which took the Court's Order into account and again explained the Defendant's segregability process. (Docket Entry 45-1 ¶ 3). Mr. Scott declares:

> As explained in my April 28, 2015 declaration, I supervised a document-by-document review of the documents at issue in this case and verified that all of the requested records come within three categories [: (1) documents produced by Walmart in response to subpoenas and document requests; (2) privilege logs from Walmart; and (3) correspondence between Walmart and the Defendant]. April 28, 2015 Scott Decl. ¶¶ 6-10. The three categories of records were all compiled by the Commission in connection with its Walmart Investigation. I concluded, and continue to believe, that public disclosure of the records responsive to plaintiff's FOIA request could reveal the subject and focus of the Commission's Investigation, including details about potential witnesses and defendants and the information they might have. Thus, disclosure of the responsive records in the three categories could reasonably be expected to interfere with the ongoing Walmart Investigation and any future enforcement proceedings. *See id.* ¶¶ 12-22. Based on these conclusions, the Commission has determined that all responsive records, in their entirety, are exempt pursuant to FOIA Exemption 7(A) and that there are no non-exempt portions to segregate and release.

(Docket Entry 45-1 ¶ 3). This explanation is consistent with the one provided in Mr. Scott's first declaration and clarifies the segregability analysis undertaken by the Defendant. If the Plaintiff wishes to challenge the Defendant's segregability efforts, it may do so in its opposition to the Defendant's Motion for Summary Judgment.

Second, the Court ordered the Defendant to supplement Mr. Helou's declaration, noting that his two-page declaration did not contain sufficient information to support an invocation of the FOIA Exemption 7(A). (Docket Entry 44, p. 17). In response, the Defendant clarified the purpose for which Mr. Helou's declaration was submitted and its relation to an ongoing Department of Justice criminal investigation and potential enforcement actions. (Docket Entry 45, p. 2-3). As was explained by the Defendant, Mr. Helou's declaration was not offered as an independent basis for withholding the requested materials. Rather, the Defendant intends to show

that, like the Defendant, the Department of Justice also has an interest in withholding the requested materials, similar to the situation described in *Dickerson v. Department of Justice*, 992 F.2d 1426, 1433 (6th Cir. 1993). The Court in *Dickerson* found that it was "not without significance" that the requested materials "contain information regarding other pending and prospective criminal proceedings" and that disclosing the materials may interfere with those proceedings. *Dickerson*, 992 F.2d at 1433. In consideration of the limited purpose for which Mr. Helou's declaration is being offered, no additional fact finding is required. The Plaintiff may challenge the sufficiency of Mr. Helou's declaration and the weight it is owed in its opposition to the Defendant's Motion for Summary Judgment.

Additionally, the Defendant's November 9, 2015 filing is not a "'showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' or . . . evidence why summary judgment is inappropriate." *See CareToLive*, 631 F.3d at 345 (quoting *Carney*, 19 F.3d at 812). The Defendant's filing may not have provided the level of detail desired by the Plaintiff, but as discussed above, it sufficiently addressed the concerns raised in the October 28, 2015 Order. The Defendant's segregability procedure was described, and the limited purpose of Mr. Helou's declaration was clarified. The Plaintiff is correct that the Defendant did not provide a supplemental declaration from Mr. Helou, choosing instead to clarify the limited purpose of Mr. Helou's declaration in the Defendant's November 9, 2015 brief. While the clarification satisfies the Court's concerns with Mr. Helou's declaration, the Defendant is advised that orders from the Court are just that – orders, not suggestions. If the Defendant disagrees with an order, it may file a request for reconsideration. Future noncompliance with Court orders may, as urged by the Plaintiff, result in an inference of bad faith. At this junction, however, the Court declines to make such a finding.

that, like the Defendant, the Department of Justice also has an interest in withholding the requested materials, similar to the situation described in *Dickerson v. Department of Justice*, 992 F.2d 1426, 1433 (6th Cir. 1993). The Court in *Dickerson* found that it was "not without significance" that the requested materials "contain information regarding other pending and prospective criminal proceedings" and that disclosing the materials may interfere with those proceedings. *Dickerson*, 992 F.2d at 1433. In consideration of the limited purpose for which Mr. Helou's declaration is being offered, no additional fact finding is required. The Plaintiff may challenge the sufficiency of Mr. Helou's declaration and the weight it is owed in its opposition to the Defendant's Motion for Summary Judgment.

Additionally, the Defendant's November 9, 2015 filing is not a "'showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' or . . . evidence why summary judgment is inappropriate." *See CareToLive*, 631 F.3d at 345 (quoting *Carney*, 19 F.3d at 812). The Defendant's filing may not have provided the level of detail desired by the Plaintiff, but as discussed above, it sufficiently addressed the concerns raised in the October 28, 2015 Order. The Defendant's segregability procedure was described, and the limited purpose of Mr. Helou's declaration was clarified. The Plaintiff is correct that the Defendant did not provide a supplemental declaration from Mr. Helou, choosing instead to clarify the limited purpose of Mr. Helou's declaration in the Defendant's November 9, 2015 brief. While the clarification satisfies the Court's concerns with Mr. Helou's declaration, the Defendant is advised that orders from the Court are just that – orders, not suggestions. If the Defendant disagrees with an order, it may file a request for reconsideration. Future noncompliance with Court orders may, as urged by the Plaintiff, result in an inference of bad faith. At this junction, however, the Court declines to make such a finding.

For the foregoing reasons, the Plaintiff's request for discovery is **DENIED**.

## IV.     Request for Summary Judgment

The Plaintiff has requested in the alternative that the Magistrate Judge deny the Defendant's pending Motion for Summary Judgment (Docket Entry 30). (Docket Entry 47, p. 15). Since the District Judge has not referred this matter to the Magistrate Judge for a report and recommendation on dispositive motions (Docket Entry 6) and since the parties have not consented to the Magistrate Judge's jurisdiction over the case, the issue of summary judgment is properly taken up with the District Judge. *See* 28 U.S.C. § 636(b)-(c); *see also Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001). The Plaintiff's motion is **DENIED** insofar as it seeks an order from the Magistrate Judge denying the Defendant's pending Motion for Summary Judgment.

The Plaintiff is ordered to file its response to the Defendant's Motion for Summary Judgment by **Monday, January 25, 2016**.

## V.     Request for Oral Argument

The Plaintiff seeks oral argument on its Notice of Motion and Motion for Reconsideration. (Docket Entry 46).

At their discretion, courts may opt to decide motions on the briefs. Fed. R. Civ. P. 78(b). This Court's policy is set forth in Local Rule 78.01, which states:

> There shall be no motion day. All motions shall be in writing and shall be decided by the Court without oral hearings unless otherwise ordered by the Court. If any attorney feels that oral argument is particularly desirable on a given motion, he may accompany the motion with a separate written motion so requesting and stating the reasons justifying a hearing.

L.R. 78.01; *see also Starkey v. Staples, Inc.*, No. 3:13-0433, 2014 WL 1278670, at *1 (M.D. Tenn. Mar. 31, 2014) (denying request for a hearing because the party had not provided reasons

justifying a hearing). The Plaintiff has not filed a separate written motion requesting oral argument and has not explained why oral argument is needed. Because the requirements in Local Rule 78.01 have not been satisfied, the request for oral argument is **DENIED**.

## VI.     Conclusion

The Plaintiff's Notice of Motion and Motion for Reconsideration (Docket Entry 46) is **GRANTED** insofar as it requests reconsideration of the Order dated October 28, 2015 (Docket Entry 44) and **DENIED** to the extent that it seeks discovery, a denial of the Defendant's pending Motion for Summary Judgment, and oral argument regarding the Notice of Motion and Motion for Reconsideration.

The Plaintiff is **ORDERED** to file its response to the Defendant's Motion for Summary Judgment (Docket Entry 30) by **Monday, January 25, 2016**, and an optional reply, limited to five pages, may be filed within fourteen days after the filing of the response.[3]

It is so **ORDERED**.

s/ John S. Bryant_____  
John S. Bryant  
U.S. Magistrate Judge

---

[3] Local Rule 16.01(d)(2)(f) requires that dispositive motion deadlines, including the deadlines for filing response and reply briefs, be set at least ninety days before the trial date. This case is currently set for trial on March 22, 2016. (Docket Entry 36). Seeing as the Plaintiff's response to the Defendant's Motion for Summary Judgment and any reply brief would be filed fewer than ninety days before March 22, 2016, the parties are encouraged to file a motion to continue the trial date.